UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| EDWIN GRIFFIN DAVIS, | ) |
| Petitioner, | ) |
| v. | ) No. 3:08-CV-487 |
| SUPERINTENDENT, WESTVILLE CORRECTIONAL FACILITY, | ) |
| Respondent. | ) |

**OPINION AND ORDER**

Petitioner Edwin Davis submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. section 2254 dealing with loss of earned credit time in a prison disciplinary hearing. The Respondent has filed a response to the order to show cause and has submitted the administrative record. The Petitioner has not filed a traverse. For the reasons set forth below, the Court **DENIES** this petition and the Clerk is **ORDERED** to **DISMISS** the petition.

BACKGROUND

On August 14, 2007, Correctional Officer Todd Goff prepared a conduct report charging the Petitioner with attempting to commit battery with a weapon, including the throwing of body fluids or waste on another person. (DE 12-1, Exhibit A). On August 22, 2007, a three-member disciplinary hearing board ("DHB") conducted a disciplinary hearing, which the Petitioner refused to attend. (DE 12-9, Exhibit H). The DHB found the Petitioner guilty of the charge

of attempted battery, and sanctioned him with a written reprimand, a six-month loss of telephone privileges, one year in disciplinary segregation, a 365-day earned credit time deprivation, and a demotion from credit class two to credit class three. (*Id.*) The petitioner appealed unsuccessfully to the Superintendent and the final reviewing authority.

DISCUSSION

The conduct report written by Officer Goff stated that:

> On 8-14-07 at approx. 1930 hours I C/O T. Goff while conducting a random cell shakedown of offender Davis, Edwin #955941 Range 4 Cell Q 405 did find 35 styrofoam cups that contained what appeared to be filled with urine and feces (sic).
>
> I would also like to note that a sign was hanging above the cups that read "Warning BIO Weapons Program."

(DE 12-1, Exhibit A).

Sergeant T. Davis wrote a statement supporting the conduct report, in which he stated that:

> On 8-14-07 at approx 1945 hrs. I Sgt T. Davis were (sic) talking to offender Davis, Edwin #956941 in the shower of CCU 400 range. I asked the offender what was in the cups that were found in his cell. He said "It is shit but it is not for you. It is for Sgt. Arnett, C/O Carpenter, C/O Tomblinson, and C/O Phegley. They know that I have a beef with them. Psych and the Lt. and the administration all know that I am going to gun them down because I have told them."

(DE 12-4, Exhibit C).

Officer K. Tomblinson also submitted a statement supporting the conduct report, in which he said:

> On 8-14-07 at approx. 7:30 p.m. I C/O K. Tomblinson was conducting a random drug screen of offender Davis, Edwin #955944 when Offender Davis stated to Sgt. T. Davis "Those cups of urine & feces were meant for C/O K. Tomblinson, C/O B. Carpenter, Sgt. K. Arnett and C/O. H. Phegley."

(DE 12-5, Exhibit D).

Where prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action, *Wolff v. McDonnell*, 418 U.S. 539 (1974), and "some evidence" to support the decision of the prison disciplinary board." *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 455 (1985).

In ground one of his petition for writ of habeas corpus, Davis asserts that Officer Goff "morphed" the conduct report when he charged him "with two (2) different offenses for the same offense, and by doing this he violates IDOC policies." (Petition at p. 3).

Section 2254(a) provides that federal courts shall entertain an application for writ of habeas corpus on behalf of a person in state custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United

States." Relief in this action is only available from violation of the federal Constitution or laws. *Estelle v. McGuire*, 502 U.S. 62 (1991). State law questions do not state a claim for habeas relief. *Kraushaar v. Flanigan,* 45 F.3d. 1040 (7th Cir. 1995), and violations of prison disciplinary policies do not state a claim for federal habeas relief. *Hester v. McBride*, 966 F.Supp. 765, 774-75 (N.D.Ind. 1997). Accordingly, even if the conduct report written by Officer Goff violated Indiana Department of Correction ("IDOC") policy, it states no claim upon which relief can be granted.

In ground two of his petition, Davis asserts that the DHB "was unfair, and unreasonable when they found me guilty of a class, A-111/and a class A-102, when neither act took place . . .." (Petition at p. 3). In ground three, he elaborates this argument by stating that a Class A-111 is battery on another, that a class A-102 is battery on a staff member, and that "the conduct report does not state that either of these offenses took place." (*Id.*). In ground four, Davis asserts that he should not have been found guilty of either a A-102 or a A-111 offense because "the conduct report is clear, and it does not state that I attempted, or committed a battery on anyone." (*Id.*).

The conduct report did not charge Davis with actually committing a battery. Rather, it charged him with attempting to commit battery using bodily waste by collecting his waste with intent to throw it on correctional officers. In grounds two, three,

4

and four, the petitioner essentially asserts that there was insufficient evidence to find him guilty of the charge of attempted battery using bodily waste.

The amount of evidence needed to support a finding of guilt in prison disciplinary hearings is very modest; there need only be "some evidence" to support the decision of the prison disciplinary board." *Superintendent v. Hill*, 472 U.S. at 455. This standard "does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Id.* at 457. A reviewing court must uphold a finding of guilt if "there is any evidence in the record that could support the conclusion reached" by the board. *Id*. at 457. In the appropriate circumstances, the conduct report alone may be sufficient evidence to support a finding of guilt. *See McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

The conduct report charged the Petitioner with attempting to commit battery using a weapon. The Adult Disciplinary Procedures ("ADP") defines a weapon specifically to include body fluid or waste. (DE 12-13, Exhibit L-2). In its report of disciplinary hearing the DHB relied on the conduct report and statements by Officers Davis and Tomblinson to find the Petitioner guilty.

The Conduct Report provides evidence that the using his own bodily waste, the Petitioner had assembled what he himself described as a "BIO Weapons program." (DE 12-2, Exhibit A).

Pursuant to Indiana Code section 35-41-5-1(a), a "person attempts to commit a crime when, acting with the culpability required for commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime." *Id.* The Petitioner's action in storing cups of body waste in his cell under a sign describing the cups as "BIO Weapons" was "some" evidence of a substantial step toward committing battery using the bodily waste he had collected. Moreover, Sergeant Davis (DE 12-4, Exhibit C) and Officer Tomblinson (DE 12-5, Exhibit D), both stated that the Petitioner told them he intended to use the contents of the cups as weapons against four specific correctional officers, which provides additional evidence of his intent to commit battery on others using the bodily waste biological weapons he had accumulated. The evidence before the board also included a photograph showing the cups in which the bodily waste was stored in the Petitioner's cell, and the notice of confiscated property, which documents that thirty-five Styrofoam cups "containing a liquid substance that had a strong odor of feces" were taken from Edwin Davis on August 14, 2007." [DE 12-6, Exhibit E).

The Conduct Report, the statements of Officers Davis and Tomblinson, the photograph of the cups, and the notice of confiscated property provide ample evidence that the Petitioner attempted to commit battery with a weapon, in the form of bodily waste, in violation of A-102/A-111 of the ADP.

6

CONCLUSION

For the foregoing reasons, the court the court **DENIES** this petition and **ORDERS** the Clerk to **DISMISS** the petition.

**DATED: July 31, 2009**          /S/RUDY LOZANO, Judge
                                  **United States District Court**